Albert D'Lollo
vs. } Law No.64323
Industrial Trust Company, Trustee

March 18, 1926.

TANNER, P. J. This is an action at law for breach of a contract to make a lease.

The written memorandum reads:

Providence, R. I.

Received from Alberto D'Lollo $250 in part payment of purchase price of $4250 for building located 483-485 Hope Street, Bristol, R. I., and forty year lease of land fronting 36 feet more or less on Hope Street, and on which said building is located. The balance of $4000 to be paid in cash at the office of the Industrial Trust Company, Providence, R. I., on or before May 16, 1924.

Industrial Trust Company, Executor and Trustee of the Estate of Samuel P. Colt.

By E. S. Hartwell, Asst. Trust Officer.

May 2nd, 1924."

The case is heard upon demurrer to the declaration upon the ground that the written memorandum is insufficient because it does not specify the terms and conditions of the lease named therein, including the rent and consideration.

The plaintiff argues, first, that the purchase price of $4250 includes also the rent for the 40 year lease. We doubt if this is so, especially as the declaration states that the lease from the Trinity Church Corporation to the Industrial Trust Company, executor and trustee of the estate of Samuel P. Colt, was to be assigned and transferred to the said plaintiff with rents adjustable every ten year period and the rent for the first ten year period to be at the rate of $864. This latter statement would indicate that the rent was not even ascertained beyond the period of ten years, but was to be adjusted thereafter.

Plaintiff further claims that even if his first contention is not sound, that there is no need of specifying any further terms of the 40 year lease including the rental price.

The authorities are conflicting as to whether or not the consideration of a sale of land need be stated. Plaintiff has cited several cases supporting this which, upon examination, prove to be cases where the Court has held that the case did not come within the Statute of Frauds at all.

In a decision of the State of Maine, the Court holds a consideration need not be stated because this was not necessary at common law on a conveyance but was left to be proven by parole. This, however, never was the case with a lease of land which required the specification of terms and rental. Furthermore, the necessity of the specification of the purchase price is determined by the decisions in this state.

Sholovitz vs. Noorigian, 42 R. I. 282.

See also Smith vs. Arnold, 5 Mason, 414, a United States case which followed the law of Rhode Island in a Rhode Island case.

The Court suggested at the trial that if the 40 year lease mentioned in the memorandum was simply an assignment of the defendant's interest in a lease already made, it might be a sufficient memorandum, the purchase price of $4250 being the consideration for the sale of the building and also for defendant's interest in the lease. In such a case we think that the memorandum might be sufficient since the written lease would give all the terms of the lease just as the description of the location of a building to be sold would be sufficient to identify the building, and the kind of building could be discovered from inspection.

The defendant has cited Potter vs. Arnold, 15 R. I. 350, to show that a transfer of a lease comes within the Statute of Frauds as well as the lease itself. In that case a written transfer of the lease had been made but not delivered, and the agreement was wholly oral. There was, therefore, no writing to bring the case within the Statute of Frauds. In the case at bar, however, we can not tell from the declaration whether or not the lease was already in existence and a simple transfer of the lease was contemplated, or whether it was a wholly new lease. If it were a renewal or extension of a lease already in existence, and the terms of said extension or renewal were confined to the terms provided for in the lease already in existence, we think the memorandum might be sufficient. As we can not, however, determine from the declaration whether or not it was a mere transfer of a lease already in existence, the extension or renewal of a lease in accordance with the terms of the lease already in existence, or a completely new lease, the demurrer must be sustained.

For plaintiff: Frank H. Hammill, Joseph C. Cawley and John J. Cosgrove.

For defendant: Edwards & Angell.